STATE OF CONNECTICUT *v.* DOMINIC PANICCIA
(3859)

SPALLONE, DALY and BIELUCH, Js.

Argued October 8—decision released November 19, 1985

*Richard A. Fuchs,* for the appellant (defendant).

*C. Robert Satti, Jr.,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

DALY, J. The defendant was arrested and charged with a violation of the election laws[1] arising out of an illegal campaign contribution given in November, 1981, to the "Democrats for Paoletta." From the denial of the defendant's motions to dismiss the first count of the second substitute information charging him with the unlawful offering of a cash contribution in violation of General Statutes §§ 9-348k (9) and 9-348*l* on the ground of double jeopardy, and the second count of conspiracy to commit the unlawful offering of a cash contribution in violation of General Statutes §§ 53a-48 and 9-348k (9) on the basis of prosecutorial vindictiveness, the defendant has appealed.[2]

Robert Woehrle, a veteran politician, had been requested by John Ricci, a codefendant, to solicit a cash contribution from the defendant, Dominic Paniccia, Monroe democratic town chairman, for the Bridgeport mayoral campaign of republican Leonard Paoletta. Woehrle collected hundreds of cash contributions, many of which were in excess of $500. Further, the defend-

---

[1] In a substitute information filed before trial, the defendant was charged with one count of unlawfully receiving a cash contribution in excess of $50 in violation of General Statutes § 9-348k (9), with a second count of unlawfully offering a cash contribution in excess of $50, also in violation of General Statutes § 9-348k (9) and with a third count of unlawfully making a contribution to someone not authorized to receive it in violation of General Statutes § 9-348c.

[2] On April 4, 1985, this court determined that the defendant's appeal from the denial of his motion grounded on prosecutorial vindictiveness was not an appealable final judgment and, therefore, we will not consider that issue here.

ant had indicated to the state elections commission investigator that he was unaware that his contribution was illegal.

At the conclusion of the state's case, the defendant moved for a judgment of acquittal which was granted as to count one. The defendant then rested without submitting any evidence. The trial court, *West, J.,* then granted the defendant's motion for a judgment of acquittal as to the third count.

On the second count, the defendant moved for a mistrial because of the prosecutor's improper argument to the jury. In his summation to the jury, the defendant's counsel questioned the absence of certain witnesses who were not presented by the state.[3] In rebuttal argument, the prosecutor attempted to explain their absence and queried that if the absent witnesses would have been helpful to the defendant, undoubtedly the latter certainly would have produced them.[4] Holding that the state's comments were improper, the trial court granted the defendant's request for a mistrial.[5]

---

[3] The defendant's closing argument included several references to witnesses who did not testify. The transcripts contain the following defense counsel's comments, excerpted in pertinent part: "Remember, all kinds of names that were mentioned on the stand. Ricci, Gulli and whomever else. They were not here. They never showed up. . . . Where is John Ricci? . . . also Mr. Mathias the investigator. Where is he? How come he is not here to testify?"

[4] The transcripts contain the following statements made by the state in its rebuttal argument: "Ladies and Gentlemen, [Attorney Fuchs] also talks about Mr. Mathias. Where is Mr. Mathias? Mr. Fuchs is a good lawyer and don't you think, don't you really think that if these people were going to help Dominic Paniccia, he would have called them?"

[5] The trial court, *West, J.,* held in pertinent part: "It is my opinion that the statement to the jury was improper. Perhaps there [were] improper statements made by the defense but, the State's statement was improper. I would not be able to erase it from the jury's mind, regardless of what I might attempt to do in my charge. Therefore, I am going to declare a mistrial."

The state then filed a second substitute information containing as its first count the extant count previously mistried, that is, the charge of unlawfully offering a cash contribution in violation of General Statutes §§ 9-348k (9) and 9-348*l*, plus a second count of conspiracy to commit the unlawful offering of a cash contribution in violation of General Statutes §§ 53a-48 and 9-348k (9). From the trial court's denial of the defendant's motions to dismiss the second substitute information which were based on the grounds of double jeopardy and prosecutorial vindictiveness,[6] respectively, the defendant has appealed.

The defendant claims on appeal that the trial court erred in finding that the defendant's second trial was not barred by double jeopardy principles since a mistrial was declared in the first case on the ground of prosecutorial misconduct. We disagree.

"We do not by this opinion lay down a flat rule that where a defendant in a criminal trial successfully moves for a mistrial, he may not thereafter invoke the bar of double jeopardy against a second trial. But we do hold that the the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was *intended to provoke* the defendant into moving for a mistrial. Since the . . . trial court found . . . that the prosecutorial conduct culminating in the termination of the first trial in this case was not so intended by the prosecutor, that is the end of the matter for purposes of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution."

---

[6] See footnote 2, supra.

(Emphasis added.) *Oregon* v. *Kennedy,* 456 U.S. 667, 679, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982).

Where the error that prompted the motion for mistrial is "motivated by bad faith or undertaken to harass or prejudice" the defendant, or is intended to provoke the mistrial, then double jeopardy will bar a retrial. *United States* v. *Dinitz,* 424 U.S. 600, 611, 96 S. Ct. 1075, 47 L. Ed. 2d 267 (1976). This was not the case here. The trial court herein found no bad faith on the part of the prosecutor in his remarks to the jury. Hence, there was no error in the court's refusal to dismiss the case on the ground of double jeopardy. While some of the prosecutor's remarks were objectionable, the court could correctly determine that the "statements which primarily emphasize the defendant's failure to call third party witnesses, were not grounds for post conviction relief." *Weddell* v. *Meierhenry,* 636 F.2d 211, 213–14 (8th Cir. 1980).

The trial court was correct in finding that the mistrial was not motivated by bad faith or deliberately provoked by the prosecution.

There is no error.

In this opinion the other judges concurred.